# CRAGG v. STRICKLAND.

PATENTS; INTERFERENCE; DILIGENCE.

While work on an independent device does not constitute diligence, it does not necessarily follow that because one applicant has completed his invention within a given time the other will be charged with a lack of diligence if he exceeded that time in perfecting his embodiment of the invention, especially where his embodiment is more complicated than that of the other party.

No. 1137, Patent Appeals. Submitted January 17, 1918. Decided March 4, 1918.

HEARING on an appeal from concurrent decisions of the Patent Office tribunals in an interference case. *Affirmed.*

The facts are stated in the opinion.

*Mr. C. J. Williamson* for the appellant.

*Mr. R. F. Rogers* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by Harry C. Cragg from concurrent decisions of the Patent Office tribunals in an interference proceeding in which priority of invention was awarded Charles V. Strickland.

The proceeding is novel in that there is involved but a single count, reading as follows:

"In a tobacco stemming machine, the combination with means for feeding the leaves, of means engaging and acting on the stem butts for separating the latter and passing them singly to a stemming machine."

The invention relates merely to a feeding mechanism, as

tobacco stemming machines were old.   Cragg entered the field early in June of 1905, and his application was filed two months later or on August 5, 1905.   For some time previous to Cragg's date of conception, Strickland had been endeavoring to perfect an improved stemming machine, of which the feeding mechanism of the issue was to be a part.   There is evidence that drawings of this stemming machine and including the device of the issue were completed just prior to Cragg's entry into the field, and that immediately thereafter the construction of a machine in accordance therewith was commenced, and that this work progressed without interruption until the filing of the Strickland application early in December of 1905.   Each of the tribunals of the Patent Office has ruled that this amounted to diligence, and this ruling we accept.   There is no doubt that Strickland was the first to conceive the invention, and, while it is true that work on an independent device does not constitute diligence, it does not necessarily folllow that because one applicant has completed his invention in a given time the other will be charged with a lack of diligence if he exceeds that time in perfecting his embodiment of the invention.   Where the claim is general, as here, one embodiment may be more complicated than another.   Certainly we are not prepared to say, under the evidence before us, that Strickland was not proceeding in good faith to complete his embodiment when Cragg entered the field, nor do we find him lacking in reasonable diligence from that time until the filing of his claim a few months later.

The decision is affirmed.                    *Affirmed.*